PER CURIAM.
On the application of State Farm Mutual Insurance Company we grant certiorari in order to review the trial court’s overruling of an exception of prescription. Relator contends that the judgment is inconsistent with Howes v. Doucet, 531 1151 (La.App. 4th Cir.1988).
Plaintiff John Erickson was injured in an automobile accident on January 3, 1986. He was riding in a car driven by Clarence Gisch when it collided with a vehicle owned by the City of New Orleans. Plaintiff failed to appear for trial of the matter on April 15, 1987 because he was imprisoned in Florida and his attorney moved for a *502 continuance, which was denied. The trial court dismissed the suit without prejudice on motion of Gisch and his insurer, State Farm. Subsequently, Erickson refiled his lawsuit on May 18, 1987, some sixteen months after the accident. Relator filed an exception of prescription, which was overruled by the trial court.
In the Howes case, this court concluded that a plaintiff who failed to appear for trial had “failed to prosecute the suit at the trial” for the purposes of La.C.C. art. 3463, which provides as follows:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at the trial.
This court held that when a suit is involuntarily dismissed under the provisions of La.C.C.P. art. 1672(A) due to the plaintiffs failure to appear at trial, the interruption of prescription ordinarily effected by the filing of the lawsuit is cancelled by the above article. Id. The court stated that the plaintiff “could have kept his action alive by either filing a motion for a new trial or appealing the dismissal of his first suit.” Id. at 1154. Applying Howes to the instant case, the trial judge should have sustained relator’s exception of prescription.
Accordingly, the judgment of the trial court is reversed and set aside; there is judgment in favor of State Farm Mutual Automobile Insurance Company and against plaintiff, John Erickson, sustaining State Farm’s exception of prescription and dismissing plaintiff’s suit at his cost.
REVERSED AND RENDERED.